PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
F I L E D

MAR 20 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE __SOUTHERN__ DISTRICT OF TEXAS

__HOUSTON__ DIVISION

United States Courts
Southern District of Texas
F I L E D

MAR 20 2020

David J. Bradley, Clerk of Court

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__JACKIE G. GOFF__
PETITIONER
(Full name of Petitioner)

__ELLIS UNIT__
CURRENT PLACE OF CONFINEMENT

vs.

__2250069__
PRISONER ID NUMBER

__LORIE DAVIS, Director__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. *Failure to notify the court of your change of address could result in the dismissal of your case.*

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ☐ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☑ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other: _____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    272ND DISTRICT COURT

    BRAZOS COUNTY, TEXAS

2. Date of judgment of conviction: **4·28·82**

3. Length of sentence: **90 YEARS**

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: **13,514**

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)  ☐ Not Guilty  ☐ Guilty  ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☐ Jury  ☐ Judge Only

7. Did you testify at trial?  ☐ Yes  ☐ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   _____  Cause Number (if known): _____

   What was the result of your direct appeal (affirmed, modified or reversed)? _____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _____

   _____

   Result: _____

   Date of result: _____  Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☐ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __272ND DISTRICT COURT, BRAZOS COUNTY, TEXAS__

    Nature of proceeding: __HABEAS CORPUS__

    Cause number (if known): __13,514-E__

-3-

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: **11·07·19**

Grounds raised: **SEPERATION OF POWERS VIOLATION; BPP ABUSE OF DISCRETION; EQUAL PROTECTION VIOLATIONS; BPP BREACH OF CONTRACT; INVALID CONTRACT.**

Date of final decision: **12·11·19**

What was the decision? **DISMISSAL**

Name of court that issued the final decision: **TEXAS COURT OF CRIMINAL APPEALS**

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☐ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

-4-

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

### Parole Revocation:

13.    Date and location of your parole revocation: __8-14-17__

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☒ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

### Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16.    Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days? ☐ Yes ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

All petitioners must answer the remaining questions:

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. GROUND ONE: APPLICANT IS DENIED DUE PROCESS OF LAW BY STATE MISAPPLYING TEX CODE CRIM. PROC., ART. 11.07, § 4(a)-(c).

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Texas Court of Criminal Appeals dismissed Applicant's habeas writ as a successive writ. WR 19,098-05 was based totally on the nature of the conviction, as opposed to his judgment of conviction. All issues presented in WR 19,098-05 were unavailable since previous applications were decided on their merits.

B. GROUND TWO: APPLICANT IS DENIED YEARS LIBERTY INTEREST BY VIOLATION OF SEPERATION-OF-POWERS DOCTRINE.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Applicant was sentenced to a term of 90 years confinement in TDC by the judicial branch of the government. After nearly a quarter century of confinement, the executive branch ordered Applicant released to a lesser form of confinement-parole. After 13 as a successful parolee, the executive branch revoked parole and added the 13 years to sentence.

—6—

C. GROUND THREE: <u>APPLICANT IS DENIED YEARS LIBERTY INTEREST BY CONFLICTING PAROLE DECISIONS WITHOUT DUE PROCESS OF LAW.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>The parole board determined Applicant was no longer a threat to society and released him on parole. After nearly 13 years successfully on parole, parole was revoked for a "non-criminal" technical infraction. The parole board reasoned that due to the nature of his conviction Applicant now poses a continuous threat to society, a contrary decision.</u>

D. GROUND FOUR: <u>APPLICANT IS DENIED EQUAL PROTECTION OF LAW BY PAROLE BOARD'S ARBITRARY AND IRRATIONAL DECISIONS.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Out of 30 similarly situated parolees awaiting revocation decisions, Applicant had the least severe allegations but received the most severe penalty and remains in prison year after year while 28 others were reinstated. The other parolee returned to prison acquired a new conviction.</u> * (CONTINUED ON PAGE 7a.)

21. Relief sought in this petition: <u>Parole reinstated with all time credited since 7·07·81; or, conflicting parole decisions ruled on to determine which decision is actually in the best interest of society: if 1·29·04 decision was incorrect, then, it was an erroneous release, or, if 8·28·17 decision was incorrect, then, parole should be reinstated. Whether Applicant is released or not, he is entitled to all the time successfully served under constructive confinement of parole.</u>

—7—

GROUND FIVE: APPLICANT IS DENIED YEARS LIBERTY INTEREST BY PAROLE AGENTS' MISREPRESENTATION OF LAW.

FACTS: While awaiting release on parole, Applicant was ordered to attend a "HOW TO INCREASE THE ODDS OF BECOMING A SUCCESSFUL PAROLEE" seminar conducted by a parole officer. The theme was "no crime - no time" — commit no new crimes on parole and you will not be returned to prison. Applicant's 13 years of parole officers reinforced that statement. On that information, Applicant made his decision to take a hiatus from parole when the bottom fell out of his life. Applicant's parole was revoked for a "non-criminal" technical parole infraction, his sentence was lengthened equivalent to time successfully served on parole, and he remains imprisoned indefinitely.

GROUND SIX: APPLICANT IS DENIED YEARS LIBERTY INTEREST DUE TO AN INVALID CONTRACT ON RELEASE SIGNED UNDER DURESS.

FACTS: Applicant incorporates GROUND FIVE above as facts herein. On the date of his scheduled release, 1-29-04, Applicant was herded into a room with a group of other pre-parolees and told to "sign your parole papers for release or return to your prisons." The prisoners were afforded no opportunity to read or have the contents of the contract explained to them. Applicant signed under the impression he would not be returned to prison for anything less than a new crime conviction. The entire time on parole, Applicant's parole officers assured him the same, but, still he was returned to prison on a "non-criminal" technical breach of contract.

7(a).

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☑ Yes  ☐ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

   1-16-97; U.S. DISTRICT COURT - HOUSTON DIVISION

   H-96-1711, DENIED IN PART, DISMISSED w/o PREJUDICE IN PART

   If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☑ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☑ Yes  ☐ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    GROUND ONE. Motions for a quorum review, rehearing, and reconsideration were denied. Texas affords no avenue of relief after Court of Criminal Appeal decisions

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☑ Yes  ☐ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. Federal habeas petition, Goff v. Davis, H-20-560, 2-13-20.

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: JOHN HAWTREY / W. STEPHEN RODGERS

    (b) At arraignment and plea: JOHN HAWTREY

    (c) At trial: W. STEPHEN RODGERS

    (d) At sentencing: W. STEPHEN RODGERS

    (e) On appeal: W.W. VANCE

    (f) In any post-conviction proceeding: PRO SE

—8—

(g)   On appeal from any ruling against you in a post-conviction proceeding: __PRO SE__

---

### Timeliness of Petition:

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

−9−

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

16 666
3-18-20 _____ (month, day, year).

Executed (signed) on  16 666  3-18-20 _____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: ELLIS UNIT, 1697 FM 980, HUNTSVILLE, TEXAS 77343.

—10—

## LEGAL ARGUMENTS AND AUTHORITIES

GROUND ONE: APPLICANT IS DENIED DUE PROCESS OF LAW BY STATE MISAPPLYING TEX CODE CRIM. PROC., ART. 11.07, § 4(a)-(c).

Relief should be granted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2).

The Texas Court of Criminal Appeals' dismissal of Applicant's WR 19,098-05 writ of habeas corpus, pursuant Art. 11.07, § 4(a)-(c), Texas Code of Criminal Procedure, was an unreasonable application of law as defined by the Supreme Court in HARRINGTON v. RITCHER, 131 S.Ct. 770, 785 (2011), being the dismissal is contrary to its precedential rulings in EX PARTE EVANS, 964 SW2d 643, 646-47 (Tex.Crim.App.1998) and EX PARTE SANTANA, 227 SW3d 700, 703 (Tex. Crim.App.2007).

WR 19,098-05 addresses the nature of Applicant's conviction, as opposed to his judgment of conviction, which the state courts decided is an exception to Art. 11.07 and will be determined on the merits. EX PARTE EVANS and SANTANA.

Therefore, it would seem the proper remedy would be to remand WR 19,098-05 back to the state courts to determine Applicant's claims on their merits to attempt to rectify the courts' due process and equal protection of law violations.

\* \* \*

-11-

GROUND TWO: APPLICANT IS DENIED YEARS LIBERTY INTEREST BY VIOLATION OF SEPERATION-OF-POWERS DOCTRINE.

Applicant was convicted and sentenced to confinement in the TDC for a term of 90 years, to commence 7·07·81.

Texas Constitution, Art. 5, §1, explicitly vests the judicial power of the State in the courts. ARMADILLO BAIL BONDS v. STATE, 802 SW2d 237, 238-39 (Tex. Crim. App. 1990). The core of this judicial power embraces the power to execute the final judgment or sentence. KELLY v. STATE, 676 SW2d 104, 107 (Tex. Crim. App. 1984).

Art. 11.21, T.C.C.P., states "confinement" refers not only to actual detention but likewise to any measure whereby one person exercises a control over the person of another and detains him within certain limits, i.e., parole confinement. Concepts of "confinement" and "restraint" encompass incarceration, release on bail or bond, release on probation, or parole, or any other restraint on "personal liberty." EX PARTE ALI, 386 SW3d 827, 831 (Tex. App.—Austin 2012).

Applicant was released under the constructive confinement of parole from 1·29·04 to 7·7·17. As result of an 8·28·17 revocation, the parole board forfeited the time Applicant served successfully on his sentence on parole and lengthened his sentence to an amount of time equivalent to the length of time on parole.

Texas legislature's creation of Government Code, Article

508, § 283(b), empowering the executive branch's of the government usurpation of the judicial branch's power from executing its constitutional duty to enforce its judgment and sentence, creates a seperation of powers violation.

As applied in this case, the doctrine is violated by the executive branch's "frustration and delay" of the judicial branch's constitutional duty to enforce its judgment and sentence by the forfeited time Applicant served confined on his sentence.

There is some precedent that supports the rule that a sentence may be interrupted and re-started only if the interruption is the fault of the prisoner. In such cases, the period of interruption is not credited against the sentence as time served. FREE v. MILES, 333 F.3d 550, 553 (5TH CIR 2003).

The government is not permitted to play cat and mouse with the prisoner, delaying indefinitely the expiration of his debt to society. Punishment on the installment plan is forbidden. DUNNE v. KEOHANE, 14 F.3d 335, 336 (7TH Cir. 1994).

WHEREFORE, PREMISES CONSIDERED, it is hoped the Court determine the time Applicant successfully served under parole confinement of the TDC was illegally forfeited and added to his sentence is a violation of the Seperation-of-powers doctrine and due process of law and credit his sentence accordingly.

\* \* \*

GROUND THREE: APPLICANT IS DENIED YEARS LIBERTY INTEREST BY CONFLICTING PAROLE DECISIONS MADE WITHOUT DUE PROCESS.

Applicant was convicted of murder and sentenced to 90 years confinement in the TDC. After nearly a quarter century confinement in the TDC, the parole board determined it was in the best interest of society to release Applicant on parole and ordered his release to parole 1-29-04.

After nearly 13 years as a productive member of society as a successful parolee, the parole board determined it was in the best interest of society to revoke Applicant's parole and keep him reconfined indefinitely, year after year, due to the nature of his crime of conviction.

Since the nature of Applicant's offense will never change, the above two paragraphs beg the questions: (1) Was it in society's best interest to release Applicant in 2004?, or (2) Is it in the best interest to keep Applicant imprisoned indefinitely due to the nature of his crime? It cannot be both ways. Either Applicant was erroneously released in 2004 or he is being erroneously imprisoned now due to the nature of his crime. Either way, Applicant is entitled to the time served successfully on parole.

Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release "as defined by statute." T.A.C., §145.3(1). The board and parole commissioners have

-14-

the "statutory duty" to make decisions which "are only in the best interest of society." T.A.C., §145.3(1)(B).

<u>Vernon's Ann.Tex.Const.Art. 4, §11</u>, INTERPRETATIVE COMMENTARY states, "So that the board may make intelligent recommendations, each case must be fully investigated, and each case file must contain full and complete information for the board's consideration."

Part of the parole board's "statutory duty" is derived from the <u>Texas Penal Code</u>. The objective of the <u>Penal Code</u> is to first ensure public safety and, then, proscribe penalties that are proportionate to the seriousness of the offense that permit recognition of differences in the rehabilitation possibilities among individual offenders. P.C. §1.02(1)(3).

The parole board revoked parole for a "non-criminal" technical administrative infraction—working out of state without permission, and is keeping Applicant imprisoned indefinitely on allegations that fail to consider exculpatory evidence. The parole board's decisions, year after year, to keep Applicant imprisoned indefinitely is a miscarriage of justice and a blatant violation of its statutory to society based on all of Applicant's exculpatory evidence.

Discretion cannot be exercised, arbitrarily or willfully, but with regard and equitable under the circumstances and law directed by reason and conscience of judge to a just result. <u>U.S. v. PARR</u>, 594 F.2d 440 (5TH CIR. 1979). The parole board's conflicting decisions, and indefinite imprisonment of Applicant, is an abuse of discretion that violates their statutory duties and is contrary to the best interest of society.

* * *

-15-

GROUND FOUR: APPLICANT IS DENIED EQUAL PROTECTION OF LAW BY PAROLE BOARD'S ARBITRARY AND IRRATIONAL DECISIONS.

During the revocation process Applicant was among a group of similarly situated parolees, who had the least severe infraction, but received the severest penalty. Out of 30 similarly situated parolees, 28 had their paroles reinstated, 1 was returned to prison on a new conviction, and Applicant was returned to prison indefinitely on a "non-criminal" technical infraction.

The United States Constitution provides that no State shall deny any person within its jurisdiction the equal protection of the law. U.S. Const. Amend. XIV, §1. The principle of equal protection guarantees all persons similarly situated should be treated alike. DOWNS V. STATE, 244 SW3d 511, 518 (Tex App.- Ft Worth 2007).

To prevail on an equal protection claim, the complaining party must establish two elements: (1) the party was treated differently without a rational basis by the government; and (2) the party was treated differently than other similarly situated parties. JOHNSON V. RODRIGUEZ, 110 F.3d 299, 306 (5th Cir. 1997). Applicant has established both elements.

The law books are riddled with parole cases more severe than Applicant's that resulted in parole modifications, instead of revocation and imprisonment year after year.

Applicant was revoked for leaving state without permission, an infraction defined as a "technical violation of parole" which does not allege criminal conduct". T.A.C. §141.111(1). A particular

-16-

Case of "leaving state without permission" can be found in MONTERO V. THALER, 2012 U.S. Dist. Lexis 21264. It was found the parole board modified Montero's parole to 60 days ISF for the criminal charge of possession of a controlled substance, "leaving state without permission, and tampering with his electronic monitoring device.

The record reflects Applicant as a productive member of society for nearly 13 years who acquired a "non-criminal" technical administrative infraction that resulted in his parole revoked, 13 years as a successful parolee forfeited, his sentence lengthened the time served on parole, and imprisoned indefinitely for a much less severe infraction than Montero. Something is wrong with this picture.

The parole board is vested in their decision making with absolute power. But, there has to be some rhyme or reason to their decisions. In comparison to the original 30 parolees in the revocation process with Applicant, there is no rational basis for differences in the decisions. Comparing Applicant's infraction with Montero's leaves no room for rationality. The parole board's decisions in Applicant's situation are capricious, irrational, and violate due process and equal protection of the law.

WHEREFORE, PREMISES CONSIDERED, the parole board's decision to revoke should be overturned and Applicant's parole reinstated.

* * *

<u>GROUND FIVE</u>: APPLICANT IS DENIED YEARS LIBERTY INTEREST BY PAROLE AGENTS' MISREPRESENTATION OF LAW.

As stated in the facts, prior to signing a contract on release, a parole officer misstated the law by stating there would be no return to prison less a serious felony conviction. Based upon that misstatement of law Applicant made a decision that resulted in imprisonment for a "non-criminal" infraction.

There is a long-established rule of contractual law that states where the execution is procured by misrepresentation, such that there is no real assent to the agreement, assent may be negated and the binding nature of the contract avoided. <u>AMOURI v. SOUTHWEST TOYOTA, INC.</u>, 20 SW3d 165, 169 (Tex. App. – Texarkana 2000).

Reliance on a fraudulent misrepresentation, for purposes of establishing a fraud claim, is established by showing that the defendant's actions and representations induced plaintiff to act or refrain from action. <u>MATIS v. GOLDEN</u>, 228 SW3d 301, 309 (Tex. App. – Waco 2007).

After an evidentiary hearing into this allegation, it is Applicant's hope the Court will conclude his contract on release was a fraudulent contract rendered invalid by the definition of innocent misrepresentation of law by parole agents and rule accordingly.

\* \* \*

-18-

GROUND SIX: APPLICANT IS DENIED YEARS LIBERTY INTEREST DUE TO INVALID CONTRACT ON RELEASE SIGNED UNDER DURESS.

As stated in FACTS, Applicant was told to sign his contract on release, or return to prison, without an opportunity to examine its contents.

Contract parties have an obligation to read what they sign. SI KYU KIM v. HARSTAN, LTD., 286 SW3d 629, 634 (Tex. App.- El Paso 2009).

The Texas Constitution declares no law impairing obligation of contracts shall be made. Art. 1, §16. Forcing Applicant to sign, without an examination opportunity, impaired constitutional obligation of contract and, thus, invalidating its terms.

After nearly a quarter century of chaotic confinement in the TDC, and offered a glimmer of hope of freedom, the compelling signature was a no-brainer compared to the alternative. A refusal to sign was well summed up by the Texas Court of Criminal Appeals when it wrote "Such conduct on the part of a prisoner would be inconsistent with human nature." EX PARTE MORGAN, 262 SW2d 728 (Tex. Crim. App. 1953).

WHEREFORE, PREMISES CONSIDERED, Applicant moves for an evidentiary hearing to establish the 1-29-2004 procedure of compelling prisoners to sign contracts, without examination, in order for the Court to rule Applicant's contract on release invalid ab initio and he not obligated to its terms,

* * *

-19-