United States District Court
Southern District of Texas
**ENTERED**
March 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE GENE GOFF, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1031 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se* and *in forma pauperis*, filed a habeas petition under 28 U.S.C. § 2254 challenging a 2017 parole revocation. Respondent filed a motion for summary judgment (Docket Entry No. 18), to which petitioner filed a response in opposition (Docket Entry No. 24).

Having considered the motion, the response, the pleadings, the record, matters of public record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Petitioner was convicted of murder in 1982 in Brazos County, Texas, and was sentenced to ninety-years' incarceration. He was released to parole on January 29, 2004; however, his parole was revoked on August 24, 2017, when he left the state without his parole officer's approval. Petitioner's application for state habeas relief challenging the revocation was filed with the state trial court on October 10, 2019. The Texas Court of

Criminal Appeals dismissed the application as an abuse of the writ under Texas Code of Criminal Procedure art. 11.07 § 4 on December 11, 2019.

Petitioner filed the instant habeas petition on March 16, 2020, raising the following claims for relief:

1. The Texas Court of Criminal Appeals unconstitutionally dismissed his state habeas application as an "abuse of the writ";

2. The parole revocation constituted a violation of the separation-of-powers doctrine;

3. The Texas Board of Pardons and Paroles denied him years of liberty interest through conflicting parole decisions;

4. He was denied equal protection of the law because other parolees received different outcomes;

5. He was misinformed of the law regarding parole conditions; and

6. He signed his 2004 parole contract under duress.

Respondent argues that petitioner's first claim fails to state a cognizable federal habeas claim, and that the remaining claims are barred by the federal one-year statute of limitations.

## II. STATE COURT DISMISSAL

In his first claim for habeas relief, petitioner argues that the Texas Court of Criminal Appeals denied him due process by erroneously dismissing his underlying state habeas application as an "abuse of the writ" pursuant to Texas Code of Criminal Procedure art. 11.07 § 4.

The state court record shows that petitioner filed his application for state habeas relief with the trial court on October 10, 2019. *Ex parte Jackie Goff*, Cause No. 13,514-E in the 361st District Court of Brazos County, Texas. (Docket Entry No. 19-2.) The application raised the habeas claims presented herein. The state trial court, noting that it had dismissed petitioner's earlier state habeas application on July 17, 2019, found that the new state habeas application did not meet the requirements for a successive application under article 11.07 § 4. The application was dismissed by the Texas Court of Criminal Appeals on December 11, 2019, as an abuse of the writ.

The Fifth Circuit Court of Appeals has long held that "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *see also Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). An attack upon the state habeas proceeding is an attack on a proceeding that is collateral to the underlying basis of a petitioner's detention and does not challenge the validity of the detention itself. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). Thus, even if petitioner in this instance were to show that the state court misapplied its own procedural rules, it would not entitle him to federal habeas relief. *Id.*; *see also Merryman v. Davis*, 781 F. App'x 325, 327 (5th Cir. 2019) (holding that a claim of infirmity in a petitioner's state habeas proceeding is not a basis for federal habeas relief).

Thus, petitioner's first habeas claim does not state a cognizable basis for federal habeas relief, and respondent is entitled to summary judgment dismissal of the claim.

3

## III. STATUTE OF LIMITATIONS

Respondent argues that petitioner's remaining claims are barred by limitations. Under AEDPA, federal habeas petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Because petitioner's second, third, fourth, and fifth habeas claims attack the proceedings associated with his parole revocation in 2017, the one-year period of

limitation ran from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Goodwin v. Dretke*, 150 F. App'x 295, 298 (5th Cir. 2005) (per curiam) (noting that section 2244(d)(1)(D) governs timeliness of habeas claims based on parole decisions).

Petitioner's claims raise complaints regarding his parole revocation. Because the facts underlying his claims would have been evident to petitioner at the latest when his parole was revoked on August 24, 2017, limitations for his claim expired one year later on August 24, 2018. *See Sanford v. Thaler*, 481 F. App'x 202, 203, 2012 WL 2937467, at *1 (5th Cir. 2012) (per curiam).

Petitioner's application for state habeas relief challenging his 2017 revocation was filed with the state trial court on October 10, 2019, and dismissed by the Texas Court of Criminal Appeals on December 11, 2019. Consequently, his application for state habeas relief was filed after expiration of limitations and provided no basis for statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The record does not reflect that any unconstitutional State action impeded petitioner from timely filing for federal habeas relief under section 2244(d)(1)(B), nor do his claims rely on a constitutional right newly recognized by the Supreme Court under section 2244(d)(1)(C).

Petitioner also claims that the denial of his request for a "special review" by the Board tolled limitations as a collateral proceeding under 28 U.S.C. § 2244(d)(2). The

state habeas record shows that petitioner sent a letter to the Board on May 23, 2019,[1] and that the Board's response letter dated July 18, 2019, advised him that he did not meet the criteria for a special review. (Docket Entry No. 19-3, pp. 49–50.) The Court notes that special reviews under 37 Texas Administrative Code § 145.17 are reserved for decisions denying parole, and would not apply to a parole revocation. Even assuming the provision were to apply in this instance, petitioner's letter to the Board was made after expiration of the one-year federal limitation and would have no tolling effect.

In the alternative, petitioner seeks equitable tolling of the one-year limitation. A petitioner is entitled to equitable tolling only when he has been pursuing his rights diligently, and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Only extraordinary cases justify the invocation of equitable tolling. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Here, petitioner does not show that he diligently pursued his rights regarding the parole revocation; he filed an untimely application for state habeas relief, and requested a special review well after expiration of federal limitations. Petitioner shows no meritorious grounds for equitable tolling.

Petitioner's second, third, fourth, and fifth federal habeas claims are barred by the AEDPA one-year limitation, and respondent is entitled to summary judgment dismissal of the claims.

---

[1] Petitioner's state habeas application does not include a copy of his May 23, 2019, letter to the Board, and the letter does not otherwise appear in the state court record.

Consideration of the timeliness of petitioner's sixth claim, however, requires a separate analysis. Petitioner claims that he signed his parole contract under duress in 2004 after being told he would not be released to parole unless he signed the contract. Thus, petitioner was aware of the alleged duress at the time he signed his parole contract in 2004. He shows no justification for postponing his claim until parole was revoked some thirteen years later.

Regardless, petitioner's argument of contractual duress is spurious, as he was free to reject the parole terms and serve his sentence in prison. No cognizable ground for federal habeas relief is stated.

Petitioner's sixth habeas claim is barred by limitations, and respondent is entitled to summary judgment dismissal of the claim.

## IV. CONCLUSION

The motion for summary judgment (Docket Entry No. 18) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 9th day of March, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE